IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

DAVID LAYTON AND SANDY LAYTON                                                  PLAINTIFFS

VS.                                                          CIVIL ACTION NO. 3:12CV92-HTW-LRA

NATIONAL FREIGHT, INC.                                                          DEFENDANT

**ORDER**

THIS CAUSE came before the undersigned via telephonic hearing on October 31, 2012, on Defendant's Motion to Change Venue, ECF No. 8, and on Plaintiff's Motion for Sanctions, ECF No. 100. After considering the pleadings, the argument of counsel, and the applicable law, the Court finds that the motions are not well advised and should be denied.

Defendant NFI requests that this case be transferred to the Eastern District of Iowa, where the accident which gave rise to this case occurred. NFI's principal place of business is in New Jersey, although it does conduct business in both Iowa and Mississippi. The driver of its vehicle involved in the accident (Thomas Leeds) is a resident of Florida, whereas Plaintiffs are both residents of Mississippi. The parties concede that either venue is proper and that Iowa law will be controlling. The parties also concede that NFI bears the burden of proving that Iowa is clearly more convenient.

The Court has considered the two-part test required by the Fifth Circuit in deciding whether to transfer venue under the provisions of 28 U.S.C. § 1404 (a). *In re Volkswagen of America, Inc.*, 545 F.3d 304, 312-13 (5th Cir. 2008) (*In Re Volkswagen II*). First, the

parties agree that the case could clearly have originally been brought in the Eastern District of Iowa.  Personal jurisdiction exists over NFI in that district, and venue is proper there pursuant to both 28 U.S.C. § 1391(b)(c) and 28 U.S.C. § 1400(b).

After the first part of the test is answered in the affirmative, the second part is determining whether a transfer promotes the convenience of the parties and witnesses and is in the interest of justice.  *Id*. at 314-16.  The party seeking the transfer must show that the "transferee venue is clearly more convenient."  *Id.* at 315.

According to the Fifth Circuit, a determination of "convenience" turns on a number of private and public interest factors, none of which are given dispositive weight. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) [*In re Volkswagen I*] citing *Action Indus., Inc. v. U.S. Fidelity & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004) (citing *Syndicate 420 at Lloyd's London v. Early Am. Ins. Co.*, 796 F.2d 821, 827 (5th Cir. 1986)).  The undersigned has considered the "private concerns," as applied to this case, including:

>  (1) the relative ease of access to sources of proof;
>
>  (2) the availability of compulsory process, where necessary, over witnesses;
>
>  (3) the cost of attendance for willing witnesses;
>
>  (4) all other practical problems that make trial of a case easy, expeditious and inexpensive.

*Id.* at 203, citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n. 6 (1981).

The undersigned has also considered the "public concerns," including:

>(1) the administrative difficulties flowing from court congestion;
>
>(2) the local interest in having localized interests decided at home;
>
>(3) the familiarity of the forum with the law that will govern the case; and
>
>(4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law.

*Id.*

Analyzing these factors will help the Court determine whether or not, on balance, the litigation would more conveniently proceed and the interests of justice would be better served by transfer to a different forum. *In re Volkswagen II*, 545 F.3d at 315.

The burden is on Defendant to demonstrate that the forum of its choice – the Eastern District of Iowa – is *significantly* more convenient. *Apache Prods. Co. v. Employers Ins. of Wausau*, 154 F.R.D. 650, 653 (S.D. Miss. 1994), citing *Sorrels Steel Co., Inc. v. Great Southwest Corp.*, 651 F. Supp. 623 (S.D. Miss. 1986). NFI contends that the majority of witnesses reside in Iowa, as the wreck occurred in Iowa. Eyewitnesses and first responders reside there, and no parties other than Plaintiffs reside in Mississippi. All of the treating physicians and other medical personnel for the weeks Plaintiff was hospitalized in Iowa reside in Iowa. Additionally, Iowa substantive law controls.

On the other hand, Plaintiffs point out that Defendant has admitted liability for the collision, so many of the Iowa witnesses are irrelevant for trial purposes. Even if the speed of the crash is relevant, the many pictures and the "black boxes" of each vehicle

will be more probative evidence than eyewitnesses, according to Plaintiff. Driver's logs and safety protocols at NFI will not involve Iowa, as these will be derived from documents and testimony in New Jersey and Florida. Plaintiff also points out that there are many more of his medical providers who reside in Mississippi, where he has been treated since his transfer here after four weeks of care in Iowa. Plaintiff contends that this trial will primarily involve the proper compensation that should be provided to him, rather than the details of the accident. For these purposes, he lists numerous witnesses, all of which reside in Mississippi.

Mindful of Defendant's burden, and after reviewing the factors that demonstrate the relative convenience of each forum, it is the opinion of the undersigned that Defendant **has not** met its burden of showing that Plaintiffs' choice of forum should not prevail in this case. The venue where the plaintiff chooses to file suit is to be "highly esteemed," *Time, Inc. v. Manning,* 366 F.2d 690, 698 (5th Cir. 1966), and "entitled to great weight," especially if "the one he chose is in the district in which he resides." *Grey v. Continental Marketing Associates, Inc.,* 315 F.Supp. 826, 831 (D.C. Ga. 1970). See *Sorrels Steel Co., Inc.,* 651 F.Supp. at 628-29. Plaintiffs have not "venue shopped" in this case; they have simply chosen their domicile state. NFI has not met its burden of overcoming Plaintiffs' choice of venue, and the Motion to Transfer Venue shall be denied.

The undersigned has also considered Plaintiffs' request for sanctions to be entered against Defendant due to its failure to comply with this Court's prior Order directing that

4

certain insurance policies be provided. Having heard argument of counsel, the Court is convinced that the failure to comply with this Court's Order was not wilful or contemptuous but was instead due to a miscommunication between Defendant and its counsel. Accordingly, the motion for sanctions shall be denied. Defendant is cautioned that it must promptly comply with all Court Orders entered in this case.

    IT IS, THEREFORE, ORDERED:

    1.    Defendant's Motion to Transfer Venue, ECF No. 8, is DENIED.

    2.    Plaintiffs' Motion for Sanctions, ECF No. 100, is DENIED.

    SO ORDERED this the 5th day of November, 2012.


                        /s/ Linda R. Anderson
                UNITED STATES MAGISTRATE JUDGE